Nott, Ch. J.,
delivered the opinion of the court:
This is a suit brought under the recent District Claims Act, 13th February, 1895 (28 Stat. L., 664). The defendant moves to dismiss the case upon the ground that the original suit under the District Claims Act, June 16th, 1880 (21 Stat. L., 284, 285), was never brought to trial. It appears that the claimant made a call for evidence upon the Commissioners of the District of Columbia in June, 1881, for certain record evidence, which was transmitted and filed in the court; that no further evidence was ever presented; that a stipulation dismissing some of the items set forth in the petition was given by the claimant’s attorney, and that in February, 1885, on the defendant’s motion, the claimant consenting, the case was finally dismissed.
The recent statute provides that in the adjudication of claims brought under the former act this court “shall allow the rates established and paid by the board of public works, and that whenever said rates have not been allowed the claimant or his personal representative shall be entitled, on motion made *191 within sixty days after the passage of this act, to a new trial of such cause.” The claimant made her motion within due time and it was allowed. Subsequently the case was referred to a referee to take and state ah account. The referee’s report has come in and a motion has been made to confirm it; but the question now presented by the defendant is whether this claimant is entitled to the benefits of the act of 1895. It is contended that a case dismissed for nonprosecution by the defendant, with the consent of the claimant, is not a case tried, and that a new trial can not be granted under the act where there was in fact no trial before.
The right given by the act of 1895 is something more than a right to a new trial. If it were merely that, the defendant’s motion would probably be well taken. A person who has not exercised the vigilance and diligence necessary to secure to himself one trial it may well be said is not entitled to another. But this act grants something more than the privilege of a readjudication of such claimant’s rights. If it granted nothing more, they would be no better off than they were before, for they then had all that they were entitled to recover. The additional right is granted by the words “the Court of Claims shall allow the rates established and paid by the board of public works.” , The new trial is not to be granted as of course in all cases, but only in those cases where “ said rates have not been allowed.” The purpose of the statute is to allow board rates to all contractors who did not receive them. The new trial is merely an incident — a remedy to enable the parties to recover what they were not entitled to recover when-their suits were originally brought before the court.
This new rate of recovery so given by the statute is in a legal sense a gratuity, though founded upon an equitable consideration and the desire of Congress to treat all contractors of the District alike and to do to each substantial justice. But so was the relief given by the act of 1880 a legal gratuity. The contractors had another jurisdiction — the Supreme Court of the District of Columbia — into which they could go to assert legal rights. But they had no legal rights at the time Avhich were worth asserting. Their contracts made the engineer officers of the District arbitrators, and those arbitrators had fixed the quantity or amount of the work, and the contractors *192 could not go behind the amounts and quantities fixed. Congress accordingly authorized this court to try their cases de novo, and in addition to affording them a new jurisdiction, in effect waived all defenses which precluded a decision upon the merits. The purposes of the act of 1880 were carried out in a broad and liberal spirit, and there is no reason why the single purpose of the later statute should not have effect given to it in the same manner.
It is also to be observed that under the decisions of the former period this claimant would not have been entitled to recover. As the case then stood, she was not entitled to receive board rates, and at contract rates nothing was due to her. It would therefore have been an absurdity and an inconvenience for her to have gone to trial with the certainty that nothing would be recovered. The law does not exact an inconvenience where it will accomplish, nothing, and a statute of this character should not be so construed as to make a needless inconvenience a condition precedent to redress.
The motion of the defendant is overruled.